MICHAEL SEITZ, Plaintiff, *v.* HENRY SCHRELL and Others, Defendants.

JOSEPH FITCH, Referee, Appellant; ELMER G. STORY, Guardian ad Litem for LENA SCHRELL, an Infant Defendant, Respondent.

*A writing giving allowances, at the end of a decree, when a part thereof.*

A writing at the end of a decree in an action for the foreclosure of a mortgage, but above the initial signature of the justice, authorizing its entry, which reads, "Underwriting as follows, viz.: Allowance 2½ per cent granted to plaintiff, and $30 to guardian *ad litem,*" constitutes a part of the decree, and the referee conducting the sale is bound to take notice of it.

APPEAL by Joseph Fitch, the referee appointed in a judgment in the above-entitled action, to sell the property therein described, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 19th day of February, 1898, directing him, as referee, to pay thirty dollars, as costs and an allowance, to Elmer G. Story, the guardian *ad litem* for Lena Schrell, an infant defendant.

*John A. Kamping.* for the referee, appellant.

*B. P. Stratton,* for the respondent Elmer G. Story.

GOODRICH, P. J.:

Under a judgment of foreclosure and sale, Joseph Fitch, Esq., was appointed referee to sell the mortgaged premises. In the body of the decree there was contained a direction that out of the proceeds of the sale he should pay the expenses of the sale; that he should pay to the plaintiff's attorney his costs, $106.39, with an additional allowance of $22.08, and also the amount reported due on the mortgage, $883.55, and interest. At the end of the decree, but above the initial signature of the justice authorizing its entry, appeared the following clause. "Underwriting as follows, viz.: Allowance, 2½ per cent granted to plaintiff, and $30 to guardian *ad litem.*"

It appears that Elmer G. Story was appointed guardian *ad litem* of Lena Schrell, one of the defendants, an infant of eighteen years; that he appeared and answered, and that he was the person to whom the thirty dollars was granted in the decree.

The premises were sold to the plaintiff for $1,000, and ten per cent of this amount was paid to the referee. The expenses of the sale were $66.50, and the mortgage, plaintiff's costs and interest amounted to $1,089.53, leaving a deficiency of $89.53. The referee did not pay the guardian's costs. He filed his report of sale on January 20, 1898, and no exceptions thereto have been filed. The court, on motion of the guardian, ordered the referee to pay the guardian's costs and to amend his report of sale accordingly, and from this order the referee appeals.

The only questions presented for our consideration are, whether the order for the thirty dollars costs constitutes a part of the decree, and whether the guardian has lost his right to costs by failure to file exceptions to the referee's report of sale.

We have no difficulty in arriving at the conclusion that the clause directing the payment of the costs to the guardian forms part of the decree. It is written above the initials of the justice directing the entry of the judgment. The plaintiff's attorney seems to have adopted that part of the clause which provided for the payment of his allowance by filling in, in the body of the decree, the amount of his allowance. It is clear that the same course should have been adopted with reference to the costs of the guardian, and if it were essential, the judgment could be amended *nunc pro tunc*, but we do not think it necessary. The referee was bound to take notice of the clause allowing the guardian $30 costs. It is true that the ten per cent paid the referee, viz., $100, was not sufficient to pay his own expenses of sale and costs of the parties, but he had no right to discriminate in his payments between the guardian and the plaintiff's attorney. If the ten per cent was not sufficient to pay the entire costs, he could have required the plaintiff, who was the purchaser, to pay in the entire amount of his bid, or, at least, sufficient thereof to satisfy the costs, or he could have refused to give a deed of the premises until the costs were paid or the receipt of the parties produced to him. Whatever error has been committed is the result of his own improvidence, and he cannot plead that he was ignorant of the terms of the decree under which he was acting.

This view renders it unnecessary to consider the second question raised by the referee, as to the effect of a failure to file exceptions

to the referee's report of sale. Of course, the referee can compel restitution to him by the plaintiff.

The order must be affirmed, without costs, but with disbursements.

All concurred, except BARTLETT, J., who concurred in the result.

Order affirmed, without costs, but with disbursements.